UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Albert Tito

    v.                                               Civil No. 18-cv-361-PB

Northern New Hampshire Correctional
Facility Warden

### REPORT AND RECOMMENDATION

Before the court for preliminary review is pro se petitioner Albert Tito's petition for writ of habeas corpus (Doc. No. 1) filed pursuant to 28 U.S.C. § 2241. The matter is before the court to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions).

Tito filed this petition while on a "phone restriction" at the Northern New Hampshire Correctional Facility, imposed as punishment for various disciplinary charges. Tito asserts that the phone restriction violates his rights to maintain telephone contact with his family and diminishes his access to rehabilitation through family support.

### Discussion

Tito's petition is brought pursuant to 28 U.S.C. § 2241, which authorizes this court to review whether a person is "in

custody in violation of the Constitution or laws or treaties of the United States." Id. § 2241(c)(3). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," Muhammad v. Close, 540 U.S. 749, 750 (2004), while requests for relief "turning on circumstances of confinement," like Tito's claims here, are more typically presented in civil rights actions. Id.

The First Circuit has taken the position that certain prison conditions challenges may be reviewed under § 2241. See United States v. DeLeon, 444 F.3d 41, 59 (1st Cir. 2006) (if conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available (dictum)); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) ("Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinement." (dictum)).

Tito's First and Fourteenth Amendment claims are well outside the core of a traditional petition for federal habeas relief. This case is not analogous to any case where conditions of confinement claims have been allowed to proceed under 28 U.S.C. § 2241. In addition, petitioner has not shown that he has exhausted his state remedies on his claims, to the extent such exhaustion may be required. See generally Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) ("A habeas petitioner is

'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'" (citation omitted)).  The district judge should dismiss this action without prejudice to Tito's ability to refile it as a prisoner civil rights claim.

## Conclusion

For the foregoing reasons, the district judge should dismiss Tito's § 2241 petition without prejudice to his ability to refile it as a prisoner civil rights claim.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone* (signature)
Andrea K. Johnstone
United States Magistrate Judge

October 26, 2018

cc: Albert Tito, pro se